## CARY v. CARY.

No. 33434. Nov. 8, 1949.
Rehearing Denied Nov. 29, 1949.

*212 P. 2d 156.*

Champion, Champion & Wallace, of Ardmore, for plaintiff in error.

Sigler & Jackson, of Ardmore, for defendant in error.

CORN, J. The plaintiff, S. Paul Cary, commenced this action in which he sought to partition certain real property located in the city of Ardmore, Okla. The petition is in the usual form with a copy of the deed attached as an exhibit. The defendant filed an answer setting forth that she was the owner of said property and prayed that she be adjudged to be such owner.

The record reflects that several years prior to this action, these parties held themselves out as husband and wife and conducted a restaurant business in the city of Ardmore. In June, 1945, they purchased a large residence or apartment building, located in Ardmore, described as lot 1, block 413, including improvements and furnishings for $20,000 and had the deed executed to them jointly, with right of survivorship. In December, 1945, they closed their business, plaintiff going to California and defendant to Florida. However, they corresponded concerning engaging in further business ventures.

Plaintiff testified that just prior to their leaving Ardmore, he tried to get her to buy or sell her interest in the property to him, and again in April, 1945, when he visited her in Florida. That she and Lottie Lewis, her daughter, loaned him $5,000 without taking a note or security, and with the understanding that his share of the property was to stand good for the debt. That Lottie Lewis, as assignee of defendant's interest in the loan, later reduced the debt to judgment.

Defendant testified they lived together as man and wife and with her money a prosperous restaurant business was conducted in Ardmore under his name and control. After closing the business she went to Florida and he went to California to get a divorce from his wife and was to come to Florida and marry her and they were to enter into business together again. That the property was purchased for her at a cost of $20,000 including all improvements and furnishings, and that plaintiff took $20,000 cash kept in a safety box as his share of the business.

Defendant's daughter testified she heard the discussions and knew the circumstances and reason for purchasing the property and that it was bought as an investment and paid for out of her mother's share of the proceeds of the business.

The court found the property had been taken as an asset of the partnership and that no trust existed; however, that certain equities of the parties prevented partition as sought by plaintiff until a full accounting was had.

The court then ordered an accounting upon the theory that his equitable powers gave jurisdiction to fully determine all rights of the parties.

In response to such order plaintiff filed a statement of account, which defendant moved to strike on the ground he was seeking to change his cause of action. The defendant thereafter filed response alleging plaintiff had so concealed the partnership assets as to make it impossible for her to render any statement, and reiterating that she was to receive the property as her share of the business. By the court's judgment the plaintiff was required to deed:

"Any apparent interest which he may have in said property and if he fails to do so that this judgment shall act as a deed and convey said property, . . ."

and:

"that the defendant satisfy and release judgment in the district court of Tulsa County, Oklahoma in the case styled Lottie Lewis v. S. Paul Cary at the same time the said plaintiff executes said deed as above mentioned. . . ."

Plaintiff has appealed from the judgment as rendered, and both parties have appealed from the trial court's action in requiring defendant, as a matter of equity, to release the judgment secured by defendant's daughter in Tulsa county.

In answer to proposition 4 of the plaintiff in error, the defendant says:

"Upon the Fourth Proposition, that the court had no power to render judgment requiring the defendant to satisfy the judgment in the District Court of Tulsa County we agree with the plaintiff in error that the court had no power to enter such a judgment."

"In the case of Clark v. Arizona Mut. Savings & Loan Assn et al. (D.C.) 217 Fed. 640, affirmed in Farmers' & Merchants Bank of Phoenix, Ariz., v. Arizona Mut. Savings & Loan Assn, 220 Fed. 1, 135 C.C.A. 577, where a number of the decisions of the Supreme Court of the United States touching this question are cited and quoted, it is held in the second paragraph of the syllabus:

" 'Although a court has jurisdiction of the subject-matter of an action or of the parties, its power to render a valid judgment is nevertheless limited by the nature of the suit and the issues made by their pleadings, and if it transcends such limits, its judgment is without jurisdiction and void.' "

In 24 Cyc. 684, it is said:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment presumes to decide, or of the particular remedy or relief which it assumes to grant, and should not undertake to pass upon matters outside the issue."

Also see 1 Bailey on Jurisdiction, 24, page 21.

There was not any evidence offered by either party upon the accounting feature of the case, and as reflected by the record neither plaintiff nor defendant asked the trial court to render such judgment. This part of the judgment is entirely beyond any issue in the case, and therefore the judgment is reversed for a new trial.

DAVISON, C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.